UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                                                            ) | |
|                          Plaintiff,         ) | |
|             v.                                       ) | Case No. 09-CR-20017 |
|                                                            ) | |
| REBHI A. QATTOUM,                  ) | |
|                                                            ) | |
|                          Defendant.      ) | |

## OPINION

On October 7, 2009, a 28-count Second Superseding Indictment (#52) was filed in this case charging seven Defendants with various offenses. Defendant Rebhi A. Qattoum was charged in Count 22 with the offense of witness tampering, in violation of 18 U.S.C. § 1512(b). On December 31, 2009, Defendant filed a Motion to Sever (#78) and a Memorandum of Law in Support (#79). On January 14, 2010, the Government filed a Response (#80). Following careful consideration of the arguments presented, Defendant's Motion to Sever (#78) is DENIED.

## ISSUE RAISED

In his Motion to Sever (#78), Defendant noted that he has been charged with one count of witness tampering along with co-defendants Raeda A. Kattom and Mohamed Rebhi Qattoum. This is the only charge against him included in the Second Superseding Indictment. Mohamed Rebhi Qattoum and co-defendants Jalal Nimer Asad, Imad Ribhi Abdallah, and Nader Jamil Qatoum have been charged with one count of conspiracy to defraud the United States and violate tax laws, in violation of 18 U.S.C. § 371. The Second Superseding Indictment also includes charges of: tax evasion, in violation of 26 U.S.C. § 7201; mail fraud, in violation of 18 U.S.C. § 1341; signing false tax returns, in violation of 26 U.S.C. § 7206(1); and making false statements to federal agents, in

violation of 18 U.S.C. § 1001(a).  In addition, co-defendants Imad Ribhi Abdallah and Nuha Imad Abdallah were charged with one count of making false statements to obtain health care benefits, in violation of 18 U.S.C. § 1035(a).

Defendant argued that this court should sever Defendant's trial pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure.  Defendant argued that the "joint trial of the Defendants in this case would cause the jury to be unable to keep the evidence from each offense separate and unable to render a fair and impartial verdict on each offense, and would therefore prejudice Defendant." Defendant filed a Memorandum of Law in Support of the Motion to Sever (#79).  In his Memorandum, Defendant relied on United States v. Zafiro, 945 F.2d 881, 885 (7th Cir. 1991). Defendant argued that it has never been alleged that he participated in the conspiracy which is the basis of the original indictment in this case.  He argued that, if he is forced to defend himself alongside his co-defendants, "the jury will simply lump him in with the evidence presented against the others and consider them to be a cohesive group."  He argued that the evidence that the Government will present against his co-defendants is expected to be intricate and complex and will take multiple weeks to complete.  He argued that there is a serious risk that the jury will not be able to separate him from his co-defendants, and he will be prejudiced by the abundant evidence against the true conspirators.  Citing United States v. Emond, 935 F.2d 1511, 1515-16 (7th Cir. 1991), Defendant argued that the Seventh Circuit has recognized "that cases in which the evidence against one defendant is far more damaging than the evidence against the moving party make the process of individually assessing the weight of the evidence as to each defendant particularly difficult, increasing the risk that the spillover may jeopardize one defendant's right to a fair trial."

On January 14, 2010, the Government filed its Response and Memorandum in Opposition

to Defendant's Motion to Sever (#80). The Government argued that the charges in this case arise out of the operation, from July 2001 through April 2008, of several businesses in the Central District of Illinois. The Government contended that, through the operation of their businesses, the defendants in this case violated a number of tax laws by failing to report on their business' corporate tax returns more than $2,000,000 in taxable income. The Government stated that, on April 10, 2008, its cooperating witness entered the home of Defendant and co-defendants Mohamed Rebhi Qattoum and Raeda Kattom. The Government's witness participated in a federally authorized recorded conversation in which Defendant and his two co-defendants all participated. According to the Government, these three defendants knowingly and corruptly attempted to persuade the Government's cooperating witness to withhold information from the grand jury and testify falsely. The Government argued that Defendant and co-defendant Raeda Kattom attempted to influence, cause and induce the Government's cooperating witness to lie and withhold information about the operation, purchase price and ownership of several of the businesses involved in the conspiracy to defraud the United States.

     The Government argued that Defendant's argument presumes, incorrectly, that, if severed, Defendant will have a shorter, more simple trial. The Government argued that, in fact, it will need to present much of the same evidence at Defendant's trial. The Government stated that a critical part of its case will be the testimony of the cooperating witness Defendant is alleged to have tampered with. The Government argued that, in order for the jury to understand the relevance and materiality of the conversation between the cooperating witness and Defendant and his co-defendants, the nature of the conspiracy must be explained. The Government pointed out that an essential element of the crime of witness tampering requires the Government to prove that the defendant knew or

3

should have known that an official proceeding was pending or likely to be instituted involving a federal crime. The Government argued that it could not meet its burden of proving this element without explaining the nature of the businesses, Defendant's involvement in the businesses and how the proceeds from the businesses were withheld from the Government through the filing of false tax returns. The Government argued that, if this court grants Defendant's motion to sever, the court, the Government, the witnesses and the public will endure the time and expense of two nearly identical trials. The Government argued that, based upon the applicable case law, Defendant has not shown that he is entitled to a severance of the charge against him. The Government noted that any risk of prejudice can be cured by a limiting instruction to the jury.

## ANALYSIS

Rule 8(b) of the Federal Rules of Criminal Procedure states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Rule 14(a) provides that the court may order separate trials if the joinder of offenses or defendants for trial "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

"Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts." Zafiro v. United States, 506 U.S. 534, 541 (1993).

Accordingly, the decision to grant or deny a motion for severance is left to the sound discretion of the trial court. United States v. Stokes, 211 F.3d 1039, 1042 (7th Cir. 2000). This court first notes that in both of the cases relied on by Defendant, Zafiro and Emond, the Seventh Circuit affirmed the district court's denial of a motion to sever. In fact, the decision in Zafiro was affirmed by the United States Supreme Court. Zafiro, 506 U.S. at 541. The Court stated that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro, 506 U.S. at 537. The Court stated that "[j]oint trials 'play a vital role in the criminal justice system'" and "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Zafiro, 506 U.S. at 537, quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987). The Court stated that, when defendants have been properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. The Court noted that the risk of prejudice is heightened "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability." Zafiro, 506 U.S. at 539. The Court went on the state, however, that less drastic measures than separate trials, "such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539. The Court stated that "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540.

  The Seventh Circuit has rejected an argument from a defendant who, like Defendant here, argued that his case should be severed because the evidence against him was slight as compared to the evidence against his co-defendants. See United States v. Hendrix, 752 F.2d 1226, 1232 (7th Cir.

1985). The court stated that the defendant had not shown that he was prejudiced and further stated that "the fact that the evidence against his co-defendants might have been proportionally greater than the evidence against him is not itself grounds for a severance." Hendrix, 752 F.2d at 1232; see also United States v. Diaz, 876 F.2d 1344, 1357-58 (7th Cir. 1989). In United States v. Gonzalez, 933 F.2d 417, 426 (7th Cir. 1991), the court found that a motion to sever was properly denied, even where the defendant argued that the evidence presented against his co-defendants was much stronger than the evidence against him, where the jury was properly instructed to give separate consideration for each defendant and the evidence against him. The court stated that juries "are presumed capable of sorting through the evidence and considering the cause of each defendant separately.'" Gonzalez, 933 F.2d at 426. In addition, the Seventh Circuit has specifically stated that "evidentiary spillover" is not a basis for requiring severance. United States v. Abdelhaq, 246 F.3d 990, 992 (7th Cir. 2001); see also United States v. Taylor, 293 F. Supp. 2d 884, 893-95 (N.D. Ind. 2003).

This court concludes that Defendant has not shown that he is entitled to a severance based upon the applicable case law. Defendant has argued that he will be prejudiced by the abundant evidence against the true conspirators and that the spillover may jeopardize his right to a fair trial. As noted, the Seventh Circuit has specifically concluded that neither of those arguments is a sufficient basis for requiring severance. This court further concludes that any risk of prejudice can be cured by the use of limiting instructions. See Zafiro, 506 U.S. at 539. For the reasons stated, Defendant's Motion to Sever (#78) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Sever (#78) is DENIED.

(2) The Motions to Suppress Evidence (#48, #77) filed by Defendants Imad Ribhi Abdallah

and Mohamed Rebhi Qattoum remain pending. This case remains scheduled for a status conference on February 11, 2010, at 10:00 a.m.

        ENTERED this 5th day of February, 2010

            s/MICHAEL P. McCUSKEY
          CHIEF U.S. DISTRICT JUDGE